# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 25, 2023

Lyle W. Cayce
Clerk

No. 22-60299
Summary Calendar

—————————

Kevin Terrance Davis,

*Plaintiff—Appellant*,

*versus*

Marshall Turner, *Superintendent*; Timothy Morris, *Warden*; Leather Williams, *K9 Commander*; Donovan Clarke, *K9 Sergeant*,

*Defendants—Appellees*.

—————————————————————

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:20-CV-55

—————————————————————

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:[*]

*Pro se* prisoner Kevin Davis brought this suit to challenge the conditions of his confinement under 42 U.S.C. § 1983.  Below, the parties consented to proceed to judgment before a magistrate judge.  The magistrate

———————————

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-60299

judge granted summary judgment in favor of the defendants because Davis failed to exhaust his administrative remedies for his claims. *See* 42 U.S.C. § 1997e; *see also Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). Davis appeals.

To exhaust, a prisoner must "complete the administrative review process in accordance with the applicable procedural rules." *Jones v. Bock*, 549 U.S. 199, 218, 127 S. Ct. 910, 922 (2007). Davis filed a "sensitive issue" grievance, but the prison administrative remedy program director determined that the issue was not "sensitive" and told the prisoner that he must file his grievance through the regular channels. *See* MDOC Inmate Handbook at 17, available at [http://www.mdoc.ms.gov/Inmate-Info/Documents/CHAPTER_VIII.pdf](http://www.mdoc.ms.gov/Inmate-Info/Documents/CHAPTER_VIII.pdf). Rather than do so, Davis elected to file this suit. He claims that he exhausted when he filed his "sensitive issue" grievance, but the state grievance procedures clearly require him to proceed through the regular channels if his issue is deemed not sensitive. Therefore, he has not exhausted his administrative remedies. Accordingly, the judgment below is AFFIRMED. We GRANT the motion to file a reply brief out of time, but DENY AS MOOT the motion to appoint counsel.